NAP/lmf                                          10127-56284                                          #416758

FILED
OCT - 4 2007
USDC WP SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL L. DAYTON,

**NOTICE OF REMOVAL**

Plaintiff,

-against-

# 07 CIV. 8643

WESLEY GLEN FORT, ALBERT L. PROVOST, Individually,
and ALBERT L. PROVOST d/b/a JUGGIE'S CONCESSIONS,

State Court Index No.:

Defendants.

JUDGE CONNER

------------------------------------------------------------------------X

## NOTICE OF REMOVAL PURSUANT TO 28 USC §1441 et seq.

Defendants in the above-captioned proceeding WESLEY GLEN FORT, ALBERT L. PROVOST,

Individually, and ALBERT L. PROVOST d/b/a JUGGIE'S CONCESSIONS, by and through their

attorneys TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC, hereby files this Notice of

Removal in the foregoing case from the Supreme Court of the State of New York, County of Orange to this

United States District Court for the Southern District of New York, and respectfully shows and petitions

this Court as follows:

1.      On or about the 23rd day of August, 2007 an action was commenced in the New York State

Supreme Court, County of Orange under Index No. 2007/7091. Copies of the Summons and Complaint

along with the affidavits of service filed in the State Court action are annexed hereto as Exhibit "A" in

compliance with S.D.N.Y. Local Civil Rule 81.1(b)and 28 U.S.C. § 1446 (a). Additionally, a copy of a

Stipulation Extending Time to Answer or otherwise appear is annexed hereto as Exhibit "B" (said

Stipulation having not yet been filed). To the best of the knowledge of the undersigned, no further

proceedings have been had in the State Court.

NAP/lmf                                  10127-56284                              #416758

2.     As alleged in the Complaint, Plaintiff MICHAEL L. DAYTON is a resident of Orange County, New York State. Defendant WESLEY GLEN FORT (hereinafter "FORT") is a resident of the State of Florida. Defendant ALBERT L. PROVOST (hereinafter "PROVOST") is a resident of the State of California. As such, there is complete diversity of citizenship among the parties per 28 U.S.C. §1332. A copy of plaintiff's counsel's letter of September 5, 2007 to defendants' out-of-state insurance carrier, T.H.E. Insurance Company, along with a copy of a surgical report is annexed hereto as Exhibit "C". Injuries allegedly sustained by the Plaintiff include a femur fracture which required open surgery with the placement of a rod to repair the fracture. It is alleged that the accident caused pain and resulted in permanent injuries of a serious nature. Based upon the allegations, the amount in controversy exceeds $75,000.00.

3.     The within matter is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332 since there is complete diversity among the parties and the amount in controversy is in excess of the statutory threshold.

4.     This Notice of Removal is being filed within 30 days from the date that service of the Summons and Complaint was made upon defendants' out-of-state insurance carrier, and as such is timely filed pursuant to 28 U.S.C. § 1446 (b).

5.     Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) (1) and (2) because the Plaintiff resides in this judicial district and the events in controversy which give rise to the subject action occurred in this judicial district.

6.     This matter is properly assigned to White Plains under Rule 21(a)(i) of the Rules for Division of Business Among District Judges for the Southern District of New York since the claim arose in whole or in major part in the County of Orange (a "Northern County") and at least one of the parties resides in the Northern Counties.

NAP/lmf                                    10127-56284                                    #416758

WHEREFORE, the Defendants give notice that the State Court action is removed from the

Supreme Court of the State of New York, County of Orange to this Court.

Dated: Newburgh, New York
       October 4, 2007

                                        Respectfully Submitted,

                          By:    _____
                                 RHETT D. WEIRES (RDW-1820)
                                 TARSHIS, CATANIA, LIBERTH,
                                 MAHON & MILLIGRAM, PLLC
                                 Attorneys for the Defendants
                                 WESLEY GLEN FORT, ALBERT L. PROVOST,
                                 Individually, and ALBERT L. PROVOST d/b/a
                                 JUGGIE'S CONCESSIONS
                                 One Corwin Court, P.O. Box 1479
                                 Newburgh, NY  12550
                                 Telephone No.: (845) 565-1100

TO:    SILVER, FORRESTER, SCHISANO,
       LESSER & DREYER, P.C.
       Attorneys for Plaintiff
       MICHAEL L. DAYTON
       3250 Route 9W
       New Windsor, New York 12553
       Telephone No.: (845) 562-9020

Exhibit A

Plaintiff designates Orange County
as the place of trial.  The basis
of venue is the *situs* of the
incident and the residence of the
plaintiff.

SUPREME COURT  :  STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------X
MICHAEL L. DAYTON,

                     Plaintiff,

      -against-

WESLEY GLEN FORT, ALBERT L. PROVOST,
Individually, and ALBERT L. PROVOST
d/b/a JUGGIE'S CONCESSIONS,

                  Defendants.
-----------------------------------X

**SUMMONS**

Index **2007**  ⁙ ⁙ ⁙

Date Filed: ⁙⁙  ⁙ ⁙ ⁙⁙⁙

TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the Complaint in this
action and to serve a copy of your answer or, if the Complaint is
not served with this Summons, to serve a notice of appearance on
the plaintiff's attorneys, SILVER, FORRESTER, SCHISANO, LESSER &
DREYER, within twenty (20) days after the service of this
Summons, exclusive of the day of service (or within thirty (30)
days after the service is complete if this Summons is not
personally served upon you within the State of New York); and in
case of your failure to appear or answer, judgment will be taken
against you by default for the relief demanded herein.

Dated:  New Windsor, New York
       July 20, 2007

                       Yours, etc.,

                       SILVER, FORRESTER, SCHISANO
                       LESSER & DREYER, P.C.

                       BY: MICHAEL H. FORRESTER, ESQ.
                       Attorneys for Plaintiffs
                       3250 Route 9W
                       New Windsor, New York  12553

TO:
WESLEY GLEN FORT
c/o Secretary of State

ALBERT L. PROVOST, Individually
c/o Secretary of State

                       ALBERT L. PROVOST d/b/a
                       JUGGIE'S CONCESSIONS
                       c/o Secretary of State

SUPREME COURT  :  STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------X
MICHAEL L. DAYTON,

                Plaintiff,

      -against-

WESLEY GLEN FORT, ALBERT L. PROVOST,
Individually, and ALBERT L. PROVOST
d/b/a JUGGIE'S CONCESSIONS,

                Defendants.
-----------------------------------X

**VERIFIED COMPLAINT**

Index No.: **2 0 0 7 - 7 0 1 2**

Date Filed: **JUL 3 1 2007**

    Plaintiff, MICHAEL L. DAYTON, by his attorneys, SILVER, FORRESTER, SCHISANO, LESSER & DREYER, P.C., as and for his Verified Complaint herein alleges as follows:

    1.   At all times hereinafter mentioned, plaintiff resided and continues to reside in Newburgh, County of Orange, State of New York.

    2.   Upon information and belief, at all times hereinafter mentioned, the defendant, WESLEY GLEN FORT, resided and continues to reside in Huntington Beach, California.

    3.   Upon information and belief, at all times hereinafter mentioned, the defendant, ALBERT L. PROVOST, resided and continues to reside in Gibsonton, Florida.

    4.   Upon information and belief, at all times hereinafter mentioned, the defendant, ALBERT L. PROVOST does business as JUGGIE'S CONCESSIONS, with its principal place of business located in the State of Florida.

    5.   Upon information and belief, at all times hereinafter mentioned, defendant, WESLEY GLEN FORT, was the operator of a

1

1999 Ford motor vehicle bearing Florida State license plate
number IG1 KGY.

6.    Upon information and belief, at all times hereinafter
mentioned, defendant, ALBERT L. PROVOST, was the owner of a 1999
Ford motor vehicle bearing Florida State license plate number IG1
KGY.

7.    At all times pertinent hereto, the defendant, WESLEY
GLEN FORT, operated the aforesaid motor vehicle with the express
and/or implied permission, consent and knowledge of the aforesaid
defendant owner, ALBERT L. PROVOST.

8.    Upon information and belief, defendant, WESLEY GLEN
FORT, was operating the aforementioned 1999 Ford motor vehicle
bearing Florida State license plate number IG1 KGY during the
course of his employment for defendant, JUGGIE'S CONCESSIONS.

9.    Upon information and belief, at all times hereinafter
mentioned, Johnston Street, in the vicinity of Campbell Street,
in the City of Newburgh, County of Orange, State of New York, was
and continues to be a public highway and was the location of the
accident herein.

10.    That on or about June 10, 2007, the plaintiff was
lawfully proceeding as a pedestrian on the aforementioned
roadway.

11.    That on or about June 10, 2007, the defendant, WESLEY
GLEN FORT, operated the aforementioned motor vehicle in such a
manner so as to cause same to come into contact with the person
of the plaintiff.

2

12. That the aforesaid collision and serious personal injuries sustained by plaintiff were caused solely by reason of the negligence of the defendants without any negligence of the plaintiff contributing thereto.

13. The defendants were negligent, reckless and careless in causing and/or permitting the motor vehicle to be operated in such a manner and at such a rate of speed which was unreasonable and imprudent under the prevailing traffic and pedestrian conditions; in causing and/or permitting their motor vehicle to come into contact with the plaintiff; in operating their motor vehicle in such a manner that they knew or should have known of the danger created to pedestrians in the area; in operating their motor vehicle in such a manner so as to create traffic conditions which were dangerous to pedestrians; in failing to take those steps necessary to avoid the contingency which occurred herein; in allowing and/or permitting their motor vehicle to be operated at an excessive rate of speed; in failing to keep a proper lookout; and in failing to stop and/or slow down to avoid the contingency which occurred.

14. That by reason of the foregoing, the plaintiff was caused to sustain severe and serious injuries to his mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to

3

alleviate the suffering and ills sustained as a result of this accident; and upon information and belief, may continue in that way into the future and suffer similar losses.

15.  Furthermore, this plaintiff sustained a serious injury as defined in the Insurance Law, Section 5102(d) of the State of New York, effective September 1, 1984.

16.  This action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

### AS AND FOR A FIRST AND SEPARATE CAUSE OF ACTION

17. Plaintiff repeats reiterates and realleges each and every allegation contained in paragraphs "1" through "16" inclusive with the same force and effect as if more fully set forth herein.

18.  The aforementioned injuries to plaintiff were caused as a result of the negligence, recklessness and carelessness of the defendants, without any negligence of the plaintiff contributing thereto.

19.  By reason of the negligence of the defendants as aforesaid, the plaintiff has suffered severe personal injuries, pain and suffering, distress and disability.

20.  By reason of the foregoing, this plaintiff was caused to sustain severe and serious personal injuries to his mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function.  Further, this plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of

4

obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this incident, the plaintiff was caused to lose substantial periods of time from his normal vocation and upon information and belief, may continue in that way into the future and suffer similar losses.

21. By reason of the foregoing, the plaintiff, MICHAEL L. DAYTON, has been damaged in a sum, which the jury would find to be fair, adequate, and just and exceeds the jurisdictional limits of all lower Courts.

WHEREFORE, plaintiff, MICHAEL L. DAYTON, demands judgment against the defendants, WESLEY GLEN FORT, ALBERT L. PROVOST, Individually, and ALBERT L. PROVOST d/b/a JUGGIE'S CONCESSIONS, as follows:

a. On behalf of the plaintiff, MICHAEL L. DAYTON, for the First Cause of Action, in a sum, which the jury would find to be fair, adequate, and just; and

b. Together with the costs and disbursements of this action, and for other and further relief as to this Court may seem just and proper.

Dated:  New Windsor, New York
        July 20, 2007

                              Yours, etc.,

                              SILVER, FORRESTER, SCHISANO,
                              LESSER & DREYER, P.C.

                         By:  _____
                              MICHAEL H. FORRESTER
                              Attorneys for Plaintiff
                              3250 Route 9W
                              New Windsor, New York  12553
                              (845) 562-9020

5

## VERIFICATION

STATE OF NEW YORK  )
                     :  ss.:
COUNTY OF ORANGE   )

MICHAEL L. DAYTON, being duly sworn, says:

I am the plaintiff in the action herein; I have read the annexed
COMPLAINT and know that the contents thereof and the same are
true to my knowledge, except those matters therein which are
stated to be alleged on information and belief, and as to those
matters I believe them to be true.

X _____
    MICHAEL L. DAYTON

Sworn to before me on
the 25th day of July , 2007.

_____
NOTARY PUBLIC

NANCY R. PLATE
Notary Public, State of New York
Qualified in Dutchess County
Registration No. 01PL6130804
Commission Expires July 25, 20 0 9

6

Index No.                                  Year 20

SUPREME COURT STATE OF NEW YORK : COUNTY OF ORANGE

MICHAEL L. DAYTON,                          Plaintiff,

 -against-

WESLEY GLEN FORT, ALBERT L. PROVOST, Individually, and ALBERT L.
PROVOST d/b/a JUGGIE'S CONCESSIONS,

                          Defendants.

## SUMMONS AND VERIFIED COMPLAINT

## SILVER, FORRESTER, SCHISANO, LESSER & DREYER

*Attorneys for*                          **Plaintiff**

3250 ROUTE 9W
NEW WINDSOR, N.Y. 12553
(845) 562-9020

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* .........................                Signature.................................................................

                          Print Signer's Name...........................................................

                                                            *is hereby admitted.*

*Service of a copy of the within*

*Dated:*                          ............................................................

                          *Attorney(s) for*

*PLEASE TAKE NOTICE*                                                  *20*

☐ **NOTICE OF ENTRY**    *that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on*

☐ **NOTICE OF SETTLEMENT**    *that an Order of which the within is a true copy will be presented for settlement to the one of the judges of the within named Court, Hon.*

*at*                    *20*        *, at*              *M.*
*on*

*Dated:*

                          SILVER, FORRESTER, SCHISANO, LESSER

                          *Attorneys for*

                          3250 ROUTE
                          NEW WINDSOR

*To:*

*Attorney(s) for*

TO:  **THE COUNTY CLERK OF ORANGE COUNTY**

Application for **INDEX NUMBER** pursuant to
Section 8018 of CPLR

____X____  SUPREME                    **2007  7091**

_____  COUNTY CLERK

Space below to be **TYPED** or **PRINTED** by Applicant
**FULL TITLE OF ACTION OR PROCEEDING**        JUL 3 1 2007

MICHAEL L. DAYTON,
                              Plaintiff,

        -against-

WESLEY GLEN FORT, ALBERT L. PROVOST, Individually,
and ALBERT L. PROVOST d/b/a JUGGIE'S CONCESSIONS,

                              Defendants.

---

Silver, Forrester, Schisano, Lesser & Dreyer, P.C.
3250 Route 9W South, New Windsor, NY  12553
Name and Address of Attorney for Plaintiff or Petitioner

Name and Address of Attorney for Defendant or Respondent

Michael H. Forrester, Esq., of Silver, Forrester, et al
Name of Applicant

---

SUBMITTED PAPERS ARE: (Please check below)

__X__ Summons & Complaint          _____ Order to Show Cause

_____ Summons w/Notice            _____ Poor Person Afft./Atty's Cert.

_____ Notice of Petition          _____ Other: _____

_____ Petition

THIS FORM MUST BE COMPLETED AND SIGNED BY APPLICANT: _____
                                                              (signature)

---

SPACE BELOW FOR OFFICE USE ONLY

REQUISITIONED BY: _____    Date: _____
                  _____    Date: _____
                  _____    Date: _____

*(Print signer's name below signature)*

RECORDED & FILED
01/31/2007   14:16:54
DONNA L. BENSON
County Clerk
ORANGE COUNTY, NY
FILE # 2006 2281 2682
INSTR # BK 2006 00005
RECORDING FEES 100.00
SUPREME COURT CIVIL
INDEX NO 0241 2006



*Silver, Forrester, Schisano, Lesser & Dreyer, P.C.*

**ATTORNEYS AND COUNSELORS AT LAW**

3250 ROUTE 9W

NEW WINDSOR, NEW YORK 12553

(845) 562-9020    (845) 562-7570

(845) 561-4441

BARRY B. SILVER (N.Y. & FL. BARS)
MICHAEL H. FORRESTER
RICHARD SCHISANO
SOL LESSER
SARAH ROSENBLATT DREYER (N.Y. & CT. BARS)
DARRYL J. DREYER
MICHAEL A. FERRARO

(800) 736-8556

FAX: (845) 562-9025

FAX: (845) 562-9351

REFER TO FILE #_____
8052

September 4, 2007

Orange County Clerk
Orange County Government Center
255-275 Main Street
Goshen, New York 10924

      Re:    MICHAEL L. DAYTON v. WESLEY GLEN FORT, et al
             Index No.: 2007/7091

Dear Sir/Madam:

Enclosed please find an original Affidavit of Service of the defendant, Albert L. Provost, for the
Summons and Complaint in regard to the above matter.  Kindly file same under the index
number listed above and return a stamped copy in the self-addressed envelope provided to show
us the filing date.

Thank you.

Very truly yours,

SILVER, FORRESTER, SCHISANO, LESSER & DREYER, P.C.

BY: MICHAEL H. FORRESTER, ESQ.
MHF/np
Enclosures

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

Index #  2007 7091                                          Purchased/Filed: July 31, 2007

STATE OF NEW YORK              SUPREME COURT                ORANGE COUNTY

---

Michael L. Dayton                                          Plaintiff

against

Wesley Glen Fort, et al                                    Defendant

---

STATE OF NEW YORK
COUNTY OF ALBANY          SS.:

_____ Jessica Miller _____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ August 28, 2007 _____ , at _2:00 pm_ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Verified Complaint

on

_____ Albert L. Provost _____ , the

Defendant in this action, by delivering to and leaving with _____ Carol Vogt _____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, ___1___ true copies thereof and that at the time

of making such service, deponent paid said Secretary of State a fee of ___10___ dollars; That said service

was made pursuant to Section _253 Vehicle and Traffic Law_ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Description of the person served:  Approx. Age: ___43___   Approx. Wt: ___118___   Approx. Ht: ___5'___

Color of skin: ___White___   Hair color: ___Brown___   Sex: ___F___   Other: _____

Sworn to before me on this

30th  day of _____ August, 2007 _____

DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4898570, Qualified in Albany County
Commission Expires June 15, 2011

Jessica Miller

Invoice•Work Order # SP0706917

*SERVICO, INC. - PO BOX 871 - ALBANY, NEW YORK 12201 - PH 518-463-4179*

FILED
ORANGE COUNTY CLERK

2007 SEP 10　A 11: 12

Exhibit B

RDW/lmf                           10127-56284                    #415831

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------------------X
MICHAEL L. DAYTON,

                        Plaintiff,                        **STIPULATION EXTENDING**
                                                               **TIME TO ANSWER**

        -against-

WESLEY GLEN FORT, ALBERT L. PROVOST,
Individually, and ALBERT L. PROVOST d/b/a            Index No. 2007-7091
JUGGIE'S CONCESSIONS,

                        Defendants.
------------------------------------------------------------------------X

      IT IS HEREBY STIPULATED AND AGREED by and between plaintiff, MICHAEL L.

DAYTON, through his counsel, SILVER, FORRESTER, SCHISANO, LESSER & DREYER, P.C., and

defendants, WESLEY GLEN FORT, ALBERT L. PROVOST, Individually, and ALBERT L.

PROVOST d/b/a JUGGIE'S CONCESSIONS, through their counsel, TARSHIS, CATANIA,

LIBERTH, MAHON & MILLIGRAM, PLLC, that the time for defendants WESLEY GLEN FORT,

ALBERT L. PROVOST, Individually, and ALBERT L. PROVOST d/b/a JUGGIE'S CONCESSIONS,

to answer or otherwise appear in the above-captioned matter is hereby extended by Stipulation for one

month from September 28, 2007 to October 29, 2007.

Dated:                             Dated:  September 25, 2007

SILVER, FORRESTER, SCHISANO,        TARSHIS, CATANIA, LIBERTH,
  LESSER & DREYER, P.C.              MAHON & MILLIGRAM, PLLC

By: MICHAEL H. FORRESTER, ESQ.     By: RHETT D. WEIRES, ESQ.
Attorneys for Plaintiff                  Attorneys for Defendants
3250 Route 9W                       One Corwin Court – PO Box 1479
New Windsor, New York 12553        Newburgh, NY 12550
Tel. No. (845) 562-9020               Tel. No. (845) 565-1100

Exhibit C

134022

## *Silver, Forrester, Schisano, Lesser & Dreyer, P.C.*

### ATTORNEYS AND COUNSELORS AT LAW

3250 ROUTE 9W

NEW WINDSOR, NEW YORK 12553

(845) 562-9020    (845) 562-7570

(845) 561-4441

(800) 736-8556

FAX: (845) 562-9025

BARRY B. SILVER (N.Y. & FL. BARS)
MICHAEL H. FORRESTER
RICHARD SCHISANO
SOL LESSER
SARAH ROSENBLATT DREYER (N.Y. & CT. BARS)
DARRYL J. DREYER

REFER TO FILE #
8052

September 5, 2007

T. H. E. Insurance Company
10451 Gulf Boulevard
Treasure Island, Florida 33706
Attn: Ms. Kimberly Boswell

     Re:   MICHAEL L. DAYTON v. WESLEY GLEN FORT, et al
           Index No.: 2007/7091

Dear Ms. Boswell:

Pursuant to your request, enclosed please find a copy of the Summons and Complaint in the above-referenced matter, as well as a copy of the Affidavit of Service for defendant, Albert L. Provost.

Also enclosed, please find a copy of the operative report and various authorizations for the release records from Mr. Dayton's treating medical providers.

Please contact me to discuss this matter once you have had an opportunity to review these items.

Thank you.

Very truly yours,

SILVER, FORRESTER, SCHISANO, LESSER & DREYER, P.C.

BY: MICHAEL H. FORRESTER, ESQ.
MHF/np
Enclosures

SHEILA BLAKE
SEP 10 2007
CLAIMS

To: STEPHEN MAURER, MD From: Medical Records        06/14/07 20:58  Page 2 of 6

## SAINT FRANCIS HOSPITAL
### POUGHKEEPSIE, NEW YORK  12601

## OPERATIVE REPORT

PATIENT: DAYTON, MICHAEL                    MR #: 00-71-34-89
ADMISSION DATE: 06/12/2007                  DISCHARGE DATE:
Job #000087322/Doc #374985        P/T:T     LOCATION: 5CKB522D

SURGERY DATE:                    06/12/2007

PREOPERATIVE DIAGNOSIS:          Right open femur fracture.

POSTOPERATIVE DIAGNOSIS:         Right open femur fracture.

SURGEON:                         S. Maurer, MD
ASSISTANT:                       K. Miller, PA

ANESTHESIA:                      General

NAME OF OPERATION:               Irrigation and debridement and
                                 intramedullary nailing right femur.

ESTIMATED BLOOD LOSS:            100cc

FLUID REPLACEMENT:               One liter of Crystalloid

DRAINS, COMPLICATIONS:           None

DISPOSITION:                     The patient to the recovery room in stable
                                 condition.

COMPONENTS IMPLANTED:            Stryker T2 nail 420 - millimeter in length x
                                 11 - millimeter in diameter with one
                                 proximal and two distal 5 - millimeter
                                 interlocking screws.

PROCEDURE:    The patient was brought to the operating room and general
anesthesia was induced. The patient was given intravenous antibiotics. The
patient was then placed on the fracture table and the fracture was reduced
with a combination of traction and internal rotation with near anatomic
reduction noted with traction. There was noted to be some anterior
displacement of the proximal fragment on the lateral view, which could be
manually reduced. The right lower extremity was then prepped and draped in
the usual sterile fashion. The open wound on the medial aspect of the leg
was opened up with the #10-blade. Right underneath it was noted the
fracture site could be palpated and debridement was performed at this time
including skin, subcutaneous tissue, muscle, and fascia. The fracture site
was then copiously irrigated with pulsatile lavage with nine liters of
fluid. This wound was then left opened.

We directed our attention to the fracture site and using a #10-blade a 2-
centimeter incision was made two finger breaths proximal to the tip of the
greater trochanter. The incision was carried down through the skin and the
subcutaneous tissue. The gluteal fascia was split in line with the

1 of 2 COPY FOR STEPHEN MAURER, MD

To:STEPHEN MAURER, MD From:Medical Records    06/14/07 21:00  Page 3 of 8

## OPERATIVE REPORT

**PATIENT: DAYTON, MICHAEL**

MR #: 00-71-34-89

LOCATION: 5CKE5220

previously made skin incision and finger dissection was used to palpate the tip of the greater trochanter. Under fluoroscopic control a threaded guidewire was then advanced to the tip of the greater trochanter and down past the level of the lesser trochanter. The position of the guidewire was checked in AP and lateral fluoroscopic projections. The proximal reamer was then advanced over the guidewire again down to the level of the lesser trochanter. The ball tipped guidewire was then advanced through the pilot hole down to the level of the fracture site and at this time the fracture reduction tool, which was cannulated, was placed over the guidewire again down to the level of the fracture site. The fracture was manipulated with extension of the proximal fragment, which enabled the guidewire to be passed across the fracture site down to the level of the physeal scar of the knee. Sequential reaming of the femur was performed at this time beginning with an 8 - millimeter reamer up to a 12.5 - millimeter reamer across the fracture site. The proximal aspect of the fracture, to the level of the lesser trochanter, was reamed to a 14 - millimeter diameter. The guidewire was measured to be 420 - millimeters in length, and at this time an 11 - millimeter in diameter x 420 - millimeter in length T2 nail was assembled on the jig and it was passed across the guidewire, across the fracture site, down to the level of the physeal scar of the knee. The guidewire was then removed. One proximal interlocking screw was placed in static mode at the level of the lesser trochanter and using freehand technique two distal interlocking screws were then placed again distally.

Final fluoroscopic x-rays were taken in the AP and lateral fluoroscopic projections, which showed good position of the hardware as well as good reduction of the fracture. The medial wound again was copiously irrigated with pulsatile lavage. The incisions were closed using 0-Vicryl in the fascial layer, 2-0 Vicryl in the subcutaneous tissue, and staples in the skin. Sterile dressings were applied. The patient was then awoken from the anesthesia uneventfully and he was transferred to the stretcher and taken to the recovery room in stable condition. There were no complications. All sponge and needle counts were correct.

SM/cs
D: 06/12/2007  1:15 P
T: 06/14/2007 11:27 A
cc:  STEPHEN MAURER, MD
     KRISTIN MILLER, PA

STEPHEN MAURER, MD