RDW/loc/lmf  
10127-56284  
Doc #419570

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------X  
MICHAEL L. DAYTON,

                Plaintiff,                **ANSWER**

    -against-                07 CIV. 8643 (WCC/LMS)

WESLEY GLEN FORT, ALBERT L. PROVOST,  
Individually, and ALBERT L. PROVOST d/b/a  
JUGGIE's CONCESSIONS,

                Defendants.  
------------------------------------------X

    Defendants, WESLEY GLEN FORT, and ALBERT L. PREVOST (incorrectly sued herein as "ALBERT L. PROVOST, Individually, and ALBERT L. PROVOST d/b/a JUGGIE'S CONCESSIONS"), by their attorneys, TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC, PLLC, answering the complaint of the plaintiffs allege as follows:

    1.   Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the complaint numbered "1," "8," "9," "14," "15" and "16".

    2.   Denies each and every allegation contained in the paragraphs of the complaint numbered "10," "11," "12" and "13".

           **AS AND FOR A FIRST AND SEPARATE CAUSE OF ACTION**

    3.   Repeats and realleges each and every response to the allegations contained in the paragraphs of the complaint numbered "1" through "16", inclusive, as realleged in paragraph "17", with the

RDW/loc/lmf                        10127-56284                        Doc #419570

same force and effect as though more fully set forth at length herein.

   4.   Denies each and every allegation contained in the paragraphs of the complaint numbered "18," "19" and "21".

   5.   Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "20".

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

   6.   The injuries and/or damages alleged to have been sustained by plaintiff were caused in whole or partly by the culpable conduct of the plaintiff.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

   7.   The answering defendants hereby invoke the provisions of CPLR Article 16 and request that the jury herein be charged accordingly.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE

   8.   The allegations set forth within the complaint fail to state a cause of action.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

   9.   Plaintiff failed to mitigate damages.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

   10.  This action is barred by the provisions of Insurance Law §5101, et seq., which constitute the "No-Fault" Law of the State of New York.

<u>AS AND FOR A SIXTHTH AFFIRMATIVE DEFENSE</u>

11.  Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care of rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in §4545(c) of the New York Civil Practice Law and Rules.

<u>AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE</u>

12.  The complaint alleges that the injuries sustained by the plaintiff were the result of the negligence of the defendants.  If the plaintiff was caused to sustain damages as alleged in this complaint and these answering defendants are also found negligent, said defendants will be entitled to contribution pursuant to CPLR Article 14 from unnamed non-parties for the portion of damages which were caused by their negligence together with attorneys' fees, costs and disbursements to these answering defendants.

WHEREFORE, defendants, WESLEY GLEN FORT and ALBERT L. PREVOST, (incorrectly sued herein as "ALBERT L. PROVOST, Individually, and ALBERT L. PROVOST d/b/a JUGGIE's CONCESSIONS"), demand judgment:

1.  dismissing the complaint;

2.  indemnifying this answering party and/or apportioning the liability between plaintiff, this answering party and all other parties to this action, and any person or entity otherwise responsible under Article 16 of the CPLR, for the amount awarded in favor of plaintiff or for an amount equal to the excess of the award

over and above this answering party's equitable share of the award; and

    3.  for costs, interest, disbursements and attorneys' fees incurred in this action.

Dated:    Newburgh, New York
          October 26, 2007

                                  Respectfully Submitted,

                            By:  */s/Rhett D. Weires*
                                _____
                                RHETT D. WEIRES, ESQ. (RDW-1820)
                                TARSHIS, CATANIA, LIBERTH,
                                MAHON & MILLIGRAM, PLLC
                                Attorneys for Defendants
                                One Corwin Court
                                P.O. Box 1479
                                Newburgh, New York 12550
                                Tel. No. (845) 565-1100

TO:  SILVER, FORRESTER, SCHISANO,
     LESSER & DREYER, P.C.
     MICHAEL H. FORRESTER, ESQ.
     Attorneys for Plaintiff
     3250 Route 9W
     New Windsor, New York  12553